[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT


No. 96-1338

JOSEPH G. VECCHIO, JR.,

Plaintiff, Appellant,

v.

ANGELO LaMONICA, INDIVIDUALLY AND

AS CHIEF OF POLICE OF THE WINTHROP POLICE DEPARTMENT,

Defendant, Appellee.



ERRATA SHEET

The unpublished opinion of this Court, issued on October 17,
1996, is amended as follows:

On page 2, line 12, replace "LaMonica" with "Vecchio".

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT


No. 96-1338

JOSEPH G. VECCHIO, JR.,

Plaintiff, Appellant,

v.

ANGELO LaMONICA, INDIVIDUALLY AND

AS CHIEF OF POLICE OF THE WINTHROP POLICE DEPARTMENT,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge] 



Before

Cyr, Circuit Judge, 
Boudin, Circuit Judge, 
and Ponsor, District Judge. 



Paul J. Klehm with whom James B. Krasnoo was on brief for 
appellant.
Bradford N. Louison with whom Merrick & Louison was on brief for 
appellee.



October 17, 1996





* Of the District of Massachusetts, sitting by designation.

Per Curiam. Plaintiff Joseph Vecchio brought suit under 

42 U.S.C. 1983 against Angelo LaMonica, the chief of police

of the Winthrop Police Department. The district court

granted summary judgment for LaMonica on all the federal

claims and remanded Vecchio's two remaining state law claims

to state court. We affirm.

The primary target of Vecchio's suit was LaMonica's

administrative action in suspending Vecchio's gun license --

a matter typically challenged and resolved through state

remedies. This occurred because of Vecchio's alleged failure

to comply with a state statutory requirement that he give

notice of his change of address. Although Vecchio says that

the state statute has been misconstrued, state remedies exist

to redress any such mistake, and nothing here points to a

constitutional violation. See Cross v. Cunningham, 87 F.3d 

586, 589 (1st Cir. 1996).

Vecchio has also asserted, as a civil rights violation,

what appears to be a garden-variety defamation claim

concerning the posting in the police station of an anonymous

letter that accuses Vecchio of dealing drugs. But there was

no evidence before the district court to show that this

letter was created by, or at the direction of, LaMonica.

Thus, summary judgment was properly granted even assuming

(dubitante) that any constitutional claim might otherwise be 

stated.

-2- -2-

Despite the spirited efforts of LaMonica's counsel on

appeal, we are satisfied that nothing in this case even

remotely approaches the type of government conduct that gives

rise to a section 1983 action for due process violations.

Affirmed.  

-3- -3-